## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-00800-TWP-DKL |
| | ) |
| MARK ARRUDA, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANTS MOTION TO DISMISS

This matter is before the Court on Defendant Mark Arruda's ("Mr. Arruda") Motion to Dismiss Plaintiff Richard N. Bell's ("Mr. Bell") complaint on the basis of personal jurisdiction and failure to state a claim (Dkt. 6). Finding the Court lacks personal jurisdiction, and alternatively, that Mr. Bell has failed to state a claim for relief, Mr. Arruda's Motion is **GRANTED**.

## I. BACKGROUND

Mr. Bell owns the copyright to a photograph of the Indianapolis skyline ("Indianapolis Photo") that he took in March 2000. It was first published on the website "Webshots" on August 29, 2000, and has been recently published on Mr. Bell's personal website. It was registered on August 4, 2011, with the United States Copyright Office. Mr. Bell alleges that each Defendant downloaded or took the Indianapolis Photo without his permission for use on Defendants' websites for commercial use. Mr. Bell notified Defendants of the alleged infringing use and demanded payment.

Mr. Arruda is a citizen of the State of Massachusetts. He is the operator of "AllansGraphics.com", out of his home in Massachusetts. The website is an image-sharing

website whereby users upload photographs to share. Users must declare that they own the images they upload. On June 22, 2011, Mr. Bell informed Mr. Arruda that he owned the copyright to the Indianapolis Photo that was uploaded to AllansGraphics.com. Mr. Arruda immediately removed the photograph from the website and told Mr. Bell such. Mr. Arruda does not know who uploaded the photograph.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. After the defendant moves to dismiss under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The extent of plaintiff's burden is dependent upon the method in which the court determines the issue of personal jurisdiction. *Id.* Where, as here, the court determines personal jurisdiction based only on reference to submissions of written materials, the plaintiff simply needs to make a *prima facie* case of personal jurisdiction. *GCIU–Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423–24 (7th Cir. 2010). If the defendant has submitted evidence in opposition to the implementation of jurisdiction, however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 782–83.

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III. <u>DISCUSSION</u>

#### A. Review of Magistrate Judge's Decision

As an initial matter, Mr. Bell's request to review the Magistrate Judge's decision that is contained within his Response in Opposition (Dkt. 9) will not be considered by the Court. Local Rule 7-1 states, "A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the Court." Although *pro se* filings are to be construed liberally, Mr. Bell is a licensed attorney in the State of Indiana, and signs his pleadings with his attorney number and law firm name. Mr. Bell's request is related to his Response, but seeks additional and independent measures, which is governed by a separate procedure. Given the errors in form, the Court will not decide Mr. Bell's collateral request. *See* Local Rule 1-3.

#### B. Personal Jurisdiction

A district court must undertake and satisfy a two-step analysis in order to properly exercise personal jurisdiction over a non-resident defendant. First, the exercise of personal jurisdiction must comport with the state's long-arm statute; second, the exercise must comport with the Due Process Clause of the Constitution. *Purdue*, 338 F.3d at 779. Because Indiana's

long-arm statute, Indiana Rule of Trial Procedure 4.4(a), "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the [f]ederal Due Process Clause," the Court only needs to consider the second step of the analysis. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

Due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). These minimum contacts "must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Such purposeful availment is required to ensure that defendants may reasonably anticipate what conduct will subject them to the jurisdiction of a foreign sovereign. *Burger King*, 471 U.S. at 472.

Personal jurisdiction may be either specific or general, but only specific jurisdiction needs to be considered here. Specific jurisdiction exists "for controversies that arise out of or are related to the defendant's forum contacts." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). It "requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there." *LinkAmerica*, 857 N.E.2d at 967 (citation omitted). A single contact with the forum state may satisfy the standard of minimum contacts if the contact produces a substantial connection with the forum state and the connection is related to the lawsuit. *Id.* However, a defendant cannot be brought into a jurisdiction "solely as a result of random,

fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person."

*Id.* (quoting *Burger King*, 471 U.S. at 475). This inquiry "may be condensed to three essential requirements: (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (internal citations omitted).

Cases involving the internet offer their own unique set of challenges when determining personal jurisdiction. The Seventh Circuit has warned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (quoting *Illinois v. Hemi Grp., LLC*, 622 F.3d 754, 760 (7th Cir. 2010)). A defendant must in some way *target* the forum state's market. *Id.* "If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *Id.*

The record before the Court contains no allegation or evidence that Mr. Arruda deliberately targeted or exploited the Indiana market. Mr. Bell argues that Mr. Arruda's website has generated revenue, $446.96, and that some of that revenue may have derived from Indiana residents or the use of the Indianapolis Photo. In *be2 LLC*, the Seventh Circuit held that contact with Illinois was too attenuated when twenty users of the website "be2.net" identified with Illinois, when there was no evidence that the website's owner targeted the Illinois market. Here,

there is similarly no indication of advertising, revenue, or any interaction between Mr. Arruda and the Indiana market. Therefore, Mr. Bell has not established the necessary minimum contacts to hale Mr. Arruda into this Court.

Mr. Bell additionally relies on the "effects test" to establish jurisdiction. "The effects test allows a court to exert personal jurisdiction over a defendant only if it: (i) commits intentionally tortious actions, (ii) which are expressly aimed at the forum state, (iii) which cause harm to the plaintiff in the forum state which the defendant knows is likely to be suffered." *Labtest Int'l, Inc. v. Ctr. Testing Int'l Corp.*, 766 F. Supp. 2d 854, 861 (N.D. Ill. 2011). Here, Mr. Bell argues that Mr. Arruda "should have been aware that providing an open platform in which anyone could upload any picture to his Website may cause legal issues." Dkt. 9 at 11. Following Mr. Bell's reasoning would require the Court to extend the reach of the effects test, and the Court declines to do so. *See Richter v. INSTAR Enters. Int'l, Inc.*, 594 F. Supp. 2d 1000, 1012 (N.D. Ill. 2009). Copyright infringement does not require any particular state of mind, *id.*, and further, Mr. Arruda declared that he does not claim ownership of the photographs on AllansGraphics.net, and that he does not know who uploaded the photograph, he did not profit from the photograph, and did not sell the photograph to others. Dkt. 6-1. Mr. Bell has not made a responsive showing that Mr. Arruda intentionally infringed Mr. Bell's copyright and directed that conduct toward Indiana. Therefore, personal jurisdiction does not exist under the effects test.

## C.    Failure to State a Claim

Alternatively, Mr. Bell has alleged, but has not shown, that he is entitled to relief. His Complaint contains formulaic labels and conclusions, but not facts. For example, the complaint under his copyright claim generically alleges that all—originally, twenty-two in total— Defendants: downloaded the Indianapolis Photo; willfully, recklessly, and falsely claimed that it

6

owned the copyright to the photograph; published the photograph for commercial use; engaged in unfair trade practices and competition; and willfully engaged in these acts with oppression, fraud, and malice. *See* Dkt. 5 at 7–11. The Complaint alleges under Mr. Bell's theft claim all of the preceding allegations and that the Defendants knowingly or intentionally exerted unauthorized control over Mr. Bell's property and therefore have committed criminal conversion. *See* Dkt. 5 at 13.

While specific facts are not necessary, Mr. Bell is required to do more than recite legal conclusions of conduct with generic applicability to various defendants. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not afforded the assumption of truth. *Id.* at 679.

Here, Mr. Bell's complaint is similar to the conclusory complaint at issue in *Twombly*. *See* 550 U.S. at 551 (quoting complaint); *Iqbal*, 556 U.S. at 679 (noting the complaint in *Twombly* was "flatly pleaded" as a legal conclusion). It is also similar to the deficient allegations in *Iqbal*. There the respondent pleaded that "petitioners knew of, condoned, and willfully and maliciously agreed to subject [him] to harsh conditions of confinement as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." *Iqbal*, 556 U.S. at 680 (internal quotation marks omitted; alteration in original). The Supreme Court held that "[t]hese bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim . . . . As such, the allegations are conclusory and not entitled to be assumed true." *Id.* at 680–81 (quoting *Twombly*, 550 U.S. at 555).

Like in these cases, the Court will not afford the assumption of truth to the legal conclusions in Mr. Bell's Complaint. Neither does the Court find any factual allegations that are *not* legal conclusions, which could entitle him to relief and satisfy the standard of review.

## IV.  **CONCLUSION**

Accordingly, Mr. Arruda's Motion to Dismiss (Dkt. 6) is **GRANTED**. Mr. Bell's claims against Mr. Arruda are **DISMISSED with prejudice**.


**SO ORDERED**.


03/07/2014
Date: _____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana




DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

David F. Hurley
HURLEY & HURLEY PC
dhurley@hurley-legal.net